**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DARREN SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 16 CV 2961 |
| ) | |
| v. ) | |
| ) | **PLAINTIFF DEMANDS TRIAL** |
| CITY OF MARKHAM, a municipal corporation; ) | **BY JURY** |
| Officer Carson (Star #552) and Officer Davis ) | |
| (Star #510) in their individual capacity, ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, DARREN SIMS, ("Plaintiff"), by and through his attorneys, DINATALE LAW OFFICES, P.C., and in complaining against Defendants, CITY OF MARKHAM, Officer Carson (Star #552) and Officer Davis (Star #510), in their individual capacity, states as follows:

**NATURE OF ACTION**

1. This cause of action arises out of the shooting of Plaintiff, DARREN SIMS, caused by Defendant Officers CARSON (Star #552) and DAVIS (Star #510) on April 24, 2014, at or near the intersection of 159th Street and Kedzie Avenue, City of Markham, County of Cook, Illinois.

2. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of DARREN SIM's rights as secured by the United States Constitution.

3. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, against the Defendants,

1

Defendant Officers CARSON (#552) and DAVIS (#510), in their individual capacity, and CITY OF MARKHAM, ILLINOIS.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's §1983 claims and §1367.

5. Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place formerly resided, in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

## DEMAND FOR A JURY TRIAL

6. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as of right by jury.

## THE PARTIES

7. At all times relevant hereto Plaintiff DARREN SIMS has been a citizen of the State of Illinois, residing in the City of Chicago, County of Cook.

8. At all times relevant hereto, Defendant CITY OF MARKHAM, ILLINOIS (hereinafter referred to as "MARKHAM"), a municipal corporation, was a political subdivision of the State of Illinois, organized and existing under and by virtue of the laws of Illinois.

9. At all times relevant hereto, Defendant MARKHAM maintained as a division the Markham City Police Department, providing Defendant MARKHAM its policing function.

10. At all times relevant hereto, Defendant Officers CARSON (#552) and DAVIS (#510) were employed by the Markham City Police Department as duly appointed and sworn officers and were acting under color of law and within the scope of their employment.

## **FACTS**

11. At or around 5:42AM on April 24, 2014, Plaintiff DARREN SIMS entered a vehicle parked at or near 3069 W. 159th Street, Markham, Illinois.

12. Plaintiff DARREN SIMS was not the driver of said vehicle.

13. Plaintiff DARREN SIMS was unarmed at the time.

14. Plaintiff DARREN SIMS was accompanied by two unarmed men, one of whom was driving the vehicle.

15. At or around 5:42AM, on April 24, 2014, a squad car from Markham City Police Department arrived at or near 3069 W. 159th Street, Markham, Illinois.

16. Upon information and belief, at said time and place, Defendant police officers were responding to a call that several individuals were suspected of attempting to steal merchandise from the Rent-a-Center, located at or near 3069 W. 159th Street, Markham, Illinois.

17. Upon information and belief, at said time, Defendant police officers were never told that involved individuals were armed, that any violent crime had been committed and/or that any individuals were in danger of death or serious bodily harm.

18. Upon information and belief, at said time, Defendant police officers had no knowledge whether Plaintiff's identity matched that of any purported suspects.

19. Upon information and belief, at said time, Defendant police officers did not have a valid warrant to arrest Plaintiff.

20. At said time, and all relevant times, the actions of Defendant police officers were undertaken recklessly and without probable cause to believe Plaintiff DARREN SIMS, the driver of the vehicle or any passenger had committed any crime.

21. After the squad car from Markham City Police Department activated its overhead lights, said vehicle containing Plaintiff DARREN SIMS, as a passenger, fled and collided with a truck, initiating the air bags of the vehicle.

22. Plaintiff DARREN SIMS opened the door of the vehicle, exited and ran away from the vehicle.

23. Plaintiff DARREN SIMS ran from the vehicle alone, unaccompanied by any of the vehicle's other occupants, and did not make contact with another individual until being detained by Defendant police officers.

24. At no time did Plaintiff DARREN SIMS hit, punch, strike, or otherwise batter or have physical contact with Defendants CARSON and DAVIS.

25. While running away, Plaintiff DARREN SIMS was not violently resisting MARKHAM Police's attempt to arrest him and was not posing any threat of harm to Defendants CARSON and DAVIS or to any other person.

26. At that time, Plaintiff DARREN SIMS heard, upon information and belief, a MARKHAM police officer yell out "Stop- Freeze".

27. Immediately afterward, Defendants CARSON and DAVIS drew and discharged their firearms multiple times in the direction of Plaintiff DARREN SIMS.

28. Plaintiff DARREN SIMS was not provided with any time to respond to the command to "freeze" before shots were fired and therefore had no time to comply with the order.

29. Plaintiff DARREN SIMS was struck in his elbow by a bullet, with such force that Plaintiff DARREN SIMS was immediately thrown to the ground, hitting his head on the ground.

30. After Plaintiff was shot at multiple times and struck by a bullet in the elbow, Defendant CARSON and/or Defendant DAVIS pulled Plaintiff DARREN SIMS' hands behind his back, causing him severe pain, handcuffed and arrested him.

31. While being handcuffed, Plaintiff DARREN SIMS, told Defendants CARSON and DAVIS "I was shot!"

32. While handcuffing Plaintiff DARREN SIMS, Defendant CARSON and/or Defendant DAVIS responded, "You shot?".

33. After Plaintiff had been handcuffed, an ambulance was called, which took Plaintiff DARREN SIMS to Ingalls Memorial Hospital for emergency room treatment.

34. Plaintiff DARREN SIMS' bullet wound was wrapped with the bullet lodged inside his elbow and/or arm at Ingalls Memorial Hospital under the supervision of Defendant MARKHAM's police officers and he was released to the custody of Defendant Markham's police officers.

35. Plaintiff DARREN SIMS was then taken to City of Markham Police Department where he remained in extreme pain from April 24, 2016 to April 28, 2016, when he was moved to Cook County jail.

36. On or about April 28, 2016, Plaintiff DARREN SIMS was sent to Cermak Hospital and/or John H. Stroger Hospital, for the bullet which remained lodged inside his elbow and/or arm.

37. At no time did Plaintiff DARREN SIMS, the driver of the vehicle, or any passenger, ever display a weapon to Defendants CARSON and DAVIS or others.

38. At no time did Plaintiff DARREN SIMS threaten to use physical force upon the Defendants CARSON and DAVIS or others.

39. At no time did Plaintiff DARREN SIMS use physical force upon Defendants CARSON and DAVIS or others.

40. Plaintiff DARREN SIMS did not have any objects in his hands from the time he exited the vehicle to the time he was arrested.

41. Defendant police officers did not find any weapons on Plaintiff's person after he was shot.

42. Defendant police officers did not have probable cause to believe Plaintiff DARREN SIMS posed a significant threat of death or serious physical injuries to Defendant police officers or others.

43. Deadly force was not necessary to prevent Plaintiff's escape.

44. Defendants CARSON and DAVIS, used inappropriate, unwarranted, and unjustifiable force against Plaintiff DARREN SIMS when they fired multiple shots at Plaintiff DARREN SIMS, at close range, striking him in the elbow.

45. That at all times relevant hereto, Plaintiff DARREN SIMS, was unarmed and posed no threat of harm to Defendants CARSON and DAVIS or to the public.

### COUNT I – 42 U.S.C. §1983—Excessive Force
*Plaintiff v. Defendants, Carson and Davis*

46. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

47. That at all times relevant hereto, Defendants CARSON and DAVIS were authorized officers, agents, and employees of the Markham City Police Department, were acting in the course of their employment and under color of state law.

48. That at all times relevant hereto, it was the duty of Defendants CARSON and DAVIS, individually and as officers, agents and/or employees of Defendant MARKHAM, to

refrain from using unreasonably excessive force against others, including Plaintiff DARREN SIMS.

49. On April 24, 2014, in breach of said duty, Defendants CARSON and DAVIS used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

a) Defendants used a level of force that Defendants knew, or should have known, was excessive when they, among other things, shot at Plaintiff numerous times without proper justification;

b) Defendants used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff, who was not resisting any lawful arrest or threatening the life or safety of any police officers or others;

c) Defendants failed to use less dangerous means of restraint; and/or

d) Defendants failed to follow proper police procedures and adhere to a use of force continuum consistent with that used by law enforcement agencies in Illinois.

50. That at all times relevant hereto, the aforementioned conduct of Defendants CARSON and DAVIS, constituted unreasonable excessive force in violation of the United States Constitution.

51. That at all times relevant hereto, the actions of Defendants CARSON and DAVIS, were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff DARREN SIMS' constitutional rights.

52. That at all times relevant hereto, the actions of Defendants CARSON and DAVIS, would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendants CARSON and DAVIS, used such force.

53. That at all times relevant hereto, the actions of Defendants CARSON and DAVIS, were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff DARREN SIMS.

54. That as a proximate cause of Defendants CARSON and DAVIS's unreasonable and excessive use of force, Plaintiff DARREN SIMS experienced injuries, including physical and psychological pain and suffering.

WHEREFORE, Plaintiff, DARREN SIMS, respectfully requests that this Court enter judgment against Defendants CARSON and DAVIS awarding compensatory damages, including medical expenses, attorneys' fees, and punitive damages, and for any further relief that this Court deems fair and just.

### COUNT II – 42 U.S.C. §1983—Unconstitutional Customs, Policies, and Practices
*Plaintiff v. City of Markham*

55. Plaintiff, DARREN SIMS, incorporates by reference all preceding paragraphs.

56. At all relevant times, the employees, agents, and/or officers of Defendant MARKHAM's Police Department, including Defendants CARSON and DAVIS, were acting under the color of state law.

57. At all relevant times, the employees, agents, and/or officers of Defendant MARKHAM's Police Department, including Defendants CARSON and DAVIS, were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant MARKHAM's Police Department.

58. Upon information and belief, Defendant MARKHAM's Police Department, including its agents, employees, and/or officers, together with other City of Markham policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

a) Using excessive force while investigating or detaining suspects;

b) Providing inadequate training regarding how to investigate or detain suspects and the proper amount of force that can be used in various circumstances;

  c) Employing and retaining as police officers individuals, such as Defendants CARSON and DAVIS, who the Defendant MARKHAM knew or reasonably should have known had dangerous propensities for abusing authority and/or for using excessive force on suspects and other citizens;

  d) Inadequately supervising, training, controlling, assigning, and disciplining MARKHAM police officers and other personnel, including Defendants CARSON and DAVIS;

  e) Failing to adequately discipline MARKHAM police officers for the above-referenced categories of misconduct, including providing "slaps on the wrist" discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

  59. Defendant MARKHAM's Police Department, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, Defendant MARKHAM condoned, tolerated and through their own actions or inactions thereby ratified such policies.

  60. Defendant MARKHAM also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff DARREN SIMS, as well as its detrimental impact on the confidence the public has in the police force that serves it.

  61. As a direct and proximate result of the Constitutional violations caused by the employees, agents and/or officers of the Defendant MARKHAM's Police Department, and other policymakers, Plaintiff DARREN SIMS was deprived of his rights and suffered damages, including physical and emotional injuries.

  WHEREFORE, Plaintiff, DARREN SIMS, respectfully requests that this Court enter judgment against Defendant, MARKHAM, awarding compensatory damages, attorney's fees, and any further relief this Court deems just.

## **COUNT III – Indemnification Pursuant to 745 ILCS 10/9-102**
*Plaintiff v. City of Markham*

62. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated and plead herein.

63. 745 ILCS 10/9-102 states: "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."

64. At all times relevant to the Complaint, Officer Carson and Officer Davis were employees of Defendant MARKHAM acting within the scope of their employment.

WHEREFORE, should Defendants be liable of the claims set forth above, Plaintiff demands that Defendant City of Markham be found liable for any judgment, other than punitive damages, he obtains thereon, pursuant to 745 ILCS 10/9-102.

Respectfully Submitted,

By: /s/ Joseph DiNatale
Attorney for Plaintiff

Joseph DiNatale (0640336)
Michael DiNatale (6289371)
DiNatale Law Offices, P.C.
2501 S. Des Plaines Avenue
North Riverside, IL 60564
T: 708 447 2900
F: 708 447 9352
E-mail: jdinatale@dinatalelaw.com
Email: mdinatale@dinatalelaw.com

10