## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 1: 16 CV 2961 |
| ) | |
| v. ) | |
| ) | **PLAINTIFF DEMANDS TRIAL** |
| CITY OF MARKHAM, a municipal corporation;) | **BY JURY.** |
| Officer Carson (#552) and Officer Davis (#510) ) | |
| in their individual capacity, ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

TO:   Stepfon Smith
ssmith@salawus.com
Danessa P. Watkins
dwatkins@salawus.com
Smith Admundsen LLC
150 N. Michigan, Ste 3300
Chicago IL 60601

The undersigned states that she served **Plaintiff's Responses to Defendants' Requests for Admission,** in the above-captioned matter by emailing a copy to all parties shown above at their respective email address and by mail from 321 N. Clark St. in Chicago, IL at 5:00 p.m. on July 25, 2017.

                                               Respectfully submitted,
                                               ROMANUCCI & BLANDIN, LLC

                                               _/s Bhavani Raveendran_____
                                               Attorneys for Plaintiff

**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street
Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 Fax

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARREN SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1: 16 CV 2961 |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS TRIAL** |
| CITY OF MARKHAM, a municipal corporation;) | | **BY JURY.** |
| Officer Carson (#552) and Officer Davis (#510) ) | | |
| in their individual capacity, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO
DEFENDANTS CITY OF MARKHAM, OFFICER CARSON,
AND OFFICER DAVIS**

The following introductory objections and conditions are incorporated by reference into each and every response and answer made hereinafter as if set forth fully therein:

1. Plaintiff objects to any discovery request or interrogatory that seeks information which is not relevant to any claim, defense and/or the subject matter involved in the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence.

2. Plaintiff objects to Defendant's discovery requests or interrogatories to the extent that such discovery requests conflict with or seek to impose requirements or conditions that exceed the requirements and conditions imposed by the Federal rules governing civil procedure.

3. Plaintiff objects to all requests or interrogatories to the extent that they call for the disclosure of information protected from discovery by the (a) attorney/client privilege; (b) the attorney/work product doctrine; (c) the trial preparation exclusion privilege; (d) the rules protecting the use of settlement negotiations as evidence; and/or (e) any other applicable privilege or immunity from discovery.

4. The information supplied by these answers and/or responses is that currently available to Plaintiff or her agents, representatives or attorneys, unless privileged, and Plaintiff

reserves the right, but assumes no obligation beyond that required or imposed by the Federal rules governing civil procedure, to supplement or modify the information contained in these answers and/or responses should additional or different information become available through discovery or otherwise. As discovery is ongoing, Plaintiff expressly reserves the right to supplement any responses herein.

5. In providing these answers and/or responses, Plaintiff makes no admission as to the relevance or admissibility of any of the information set forth and expressly reserves all objections regarding relevancy, admissibility, or otherwise pertaining thereto.

6. Each of the following responses is made without waiving any objections Plaintiff may have with respect to the subsequent use of these answers and/or responses or the documents referred to or produced herein. Plaintiff specifically reserves: (1) all objections as to the competence, relevance, privilege, materiality, and admissibility of the answers, responses, or documents; (2) the right to object to the use of the answers, responses, or documents in any subsequent suit or proceeding in this action, on any or all of the foregoing grounds or upon any other proper ground; (3) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to the answers, responses, or documents; and (4) the right, at any time, upon proper showing, to revise, correct, or clarify any of the following answers and/or responses.

**PLAINTIFF' RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:** You knew James Beecham for many years prior to April 24, 2014.

**RESPONSE TO ADMISSION NO. 1**: Objection, vague, question has not defined "many years". Without waiving said objections, admit.

**REQUEST FOR ADMISSION NO. 2:** You grew up with James Beecham.

**RESPONSE TO ADMISSION NO. 2**: Objection, vague, question has not defined "grew up with". Without waiving said objections, admit.

**REQUEST FOR ADMISSION NO. 3:** You knew Devon Welsh for many years prior to April 24, 2014.

**RESPONSE TO ADMISSION NO. 3**: Objection, vague, question has not defined "many years". Without waiving said objections, admit.

**REQUEST FOR ADMISSION NO. 4:** You grew up with Devon Welsh.

**RESPONSE TO ADMISSION NO. 4**: Objection, vague, question has not defined "grew up with". Without waiving said objections, admit.

**REQUEST FOR ADMISSION NO. 5:** In the early morning hours of April 24, 2014, James Beecham and Devon Welsh picked you up at 3069 W. 159th Street, Markham, Illinois, in a gray Infiniti truck.

**RESPONSE TO ADMISSION NO. 5**: Denied in part and admitted in part. Plaintiff admits that James Beecham and Devon Walsh picked him up on April 24, 2014, but denies that they picked him up on 3069 W. 159th Street, Markham, Illinois.

**REQUEST FOR ADMISSION NO. 6:** You observed an axe inside the Infiniti.

**RESPONSE TO ADMISSION NO. 6**: Deny.

**REQUEST FOR ADMISSION NO. 7:** You observed a dark-colored ski mask inside the Infiniti.

**RESPONSE TO ADMISSION NO. 7**: Plaintiff cannot admit or deny because he does not recall observing a dark-colored ski mask inside the Infiniti.

**REQUEST FOR ADMISSION NO. 8:** In the early morning hours of April 24, 2014, you, James Beecham and Devon Welsh drove around Markham, Illinois in a Gray lnfiniti truck.

**RESPONSE TO ADMISSION NO. 8**: Admit.

**REQUEST FOR ADMISSION NO. 9:** At or around approximately 5:00 a.m., you, James Beecham and Devon Welsh drove to a rental center business located near the intersection of 159th Street and Kedzie Avenue in Markham, Illinois.

**RESPONSE TO ADMISSION NO. 9**: Admitted in part and denied in part. Plaintiff admits that he drove near a rental center business located near the intersection of 159th Street and Kedzie Avenue in Markham, Illinois but denies all other allegations contained in Request No. 9.

**REQUEST FOR ADMISSION NO. 10:** At or around approximately 5:15 a.m., you, James Beecham and Devon Welsh stopped at a rental center business located near the intersection of 159th Street and Kedzie Avenue in Markham, Illinois.

**RESPONSE TO ADMISSION NO. 10**: Admitted in part and denied in part. Plaintiff admits that he drove near a rental center business located near the intersection of 159th Street and Kedzie Avenue in Markham, Illinois but denies all other allegations contained in Request No. 9.

**REQUEST FOR ADMISSION NO. 11:** The rental center business you stopped at was not open for business when you, James Beecham and Devon Welsh arrived.

**RESPONSE TO ADMISSION NO. 11**: Plaintiff does not have enough information to admit or deny.

**REQUEST FOR ADMISSION NO. 12:** At or around approximately 5:20 a.m., you, James Beecham and Devon Welsh were driving in the gray Infiniti and were being pursued by a police squad car with activated overhead lights.

**RESPONSE TO ADMISSION NO. 12**: Admit.

**REQUEST FOR ADMISSION NO. 13:** You, James Beecham and Devon Welsh attempted to flee from the police squad car.

**RESPONSE TO ADMISSION NO. 13**: Admitted in part and denied in part. Plaintiff denies that he was fleeing from the police but admits that he was moving in a direction away from the scene of the accident.

**REQUEST FOR ADMISSION NO. 14:** The driver of the gray Infiniti attempted to flee from the police squad car.

**RESPONSE TO ADMISSION NO. 14**: Objection, speculation and vague as to "the driver". Plaintiff cannot admit or deny. Answering further, see Plaintiff's Deposition testimony.

**REQUEST FOR ADMISSION NO. 15:** While attempting to flee, you, James Beecham and Devon Welsh were in a motor vehicle accident at or near the intersection of 159th Street and Kedzie Avenue in Markham, Illinois.

**RESPONSE TO ADMISSION NO. 15**: Denied in part and admitted in part. Plaintiff admits that he, James Beecham and Devon Walsh were in a motor vehicle accident at or near the intersection of 159th Street and Kedzie Avenue in Markham, Illinois and denies all other allegations contained within Request for Admission No. 12.

**REQUEST FOR ADMISSION NO. 16:** You were driving the gray Infiniti truck at the time of the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 16**: Deny.

**REQUEST FOR ADMISSION NO. 17:** James Beecham was driving the gray Infiniti truck at the time of the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 17**: Plaintiff does not recall.

**REQUEST FOR ADMISSION NO. 18:** Devon Welsh was driving the gray lnfiniti truck at the time of the motor vehicle accident

**RESPONSE TO ADMISSION NO. 18**: Plaintiff does not recall.

**REQUEST FOR ADMISSION NO. 19:** Someone other than you, James Beecham and Devon Welsh was driving the gray Infiniti truck at the time of the motor vehicle accident

**RESPONSE TO ADMISSION NO. 19**: Deny.

**REQUEST FOR ADMISSION NO. 20:** You were hit by an airbag that deployed during the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 20**: Admit.

**REQUEST FOR ADMISSION NO. 21:** You were injured in the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 21**: Admit.

**REQUEST FOR ADMISSION NO. 22:** As a result of the motor vehicle accident, you had at least one laceration on your face that was bleeding.

**RESPONSE TO ADMISSION NO. 22**: Denied in part and admitted in part. Plaintiff admits that he had a laceration on his face that was bleeding as a result of the motor vehicle accident and denies all other allegations contained within Request for Admission No. 22.

**REQUEST FOR ADMISSION NO. 23:** You ran away from the scene of the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 23**: Admit.

**REQUEST FOR ADMISSION NO. 24:** You were high at the time of the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 24**: Objection, vague, question has not defined "high". Without waiving said objecting, Admit.

**REQUEST FOR ADMISSION NO. 25:** Within 24 hours of the motor vehicle accident, you smoked marijuana.

**RESPONSE TO ADMISSION NO. 25**: Admit.

**REQUEST FOR ADMISSION NO. 26:** Within 24 hours of the motor vehicle accident, you ingested, injected or otherwise used illicit substances other than marijuana.

**RESPONSE TO ADMISSION NO. 26**: Deny.

**REQUEST FOR ADMISSION NO. 27:** You ran from the motor vehicle accident to avoid being identified.

**RESPONSE TO ADMISSION NO. 27**: Denied in part and admitted in part. Plaintiff admits that he ran from the motor vehicle accident because he was panicking and scared and denies all other allegations contained in Request for Admission No. 27.

**REQUEST FOR ADMISSION NO. 28:** You ran from the motor vehicle accident to avoid being detained by the police

**RESPONSE TO ADMISSION NO. 28**: Denied in part and admitted in part. Plaintiff admits that he ran from the motor vehicle accident because he was panicking and scared and denies all other allegations contained in Request for Admission No. 27.

**REQUEST FOR ADMISSION NO. 29:** James Beecham and Devon Welsh also fled from the scene of the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 29**: Admit.

**REQUEST FOR ADMISSION NO. 30:** James Beecham posed a potential threat to others at the time he was fleeing from the scene of the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 30**: Deny.

**REQUEST FOR ADMISSION NO. 31:** Devon Welsh posed a potential threat to others at the time he was fleeing from the scene of the motor vehicle accident.

**RESPONSE TO ADMISSION NO. 31**: Deny.

**REQUEST FOR ADMISSION NO. 32:** At least one police officer was chasing you.

**RESPONSE TO ADMISSION NO. 32**: Admit.

**REQUEST FOR ADMISSION NO. 33:** You cannot identify the police officer(s) that was/were chasing you.

**RESPONSE TO ADMISSION NO. 33**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer was chasing him. Plaintiff admits that he could not identify which Markham City Police Officer was chasing him.

**REQUEST FOR ADMISSION NO. 34:** You heard at least one police officer tell you to "stop".

**RESPONSE TO ADMISSION NO. 34**: Admit.

**REQUEST FOR ADMISSION NO. 35:** You heard at least one police officer tell you to "freeze."

**RESPONSE TO ADMISSION NO. 35**: Admit.

**REQUEST FOR ADMISSION NO. 36:** You were aware that the police wanted you to stop running.

**RESPONSE TO ADMISSION NO. 36**: Objection, calls for speculation. Plaintiff does not have enough information to admit or deny.

**REQUEST FOR ADMISSION NO. 37:** You heard the police tell you to "stop" and/or "freeze" before you heard any gunshots.

**RESPONSE TO ADMISSION NO. 37**: Deny; Plaintiff heard police yell to "stop" and/or "freeze" as he heard gunshots.

**REQUEST FOR ADMISSION NO. 38:** You did not stop running or otherwise freeze.

**RESPONSE TO ADMISSION NO. 38**: Objection, form and vague because Request No. 38 does not indicate when or at what point he stopped running or otherwise freeze. Without waiving said objection, deny.

**REQUEST FOR ADMISSION NO. 39:** You heard the police tell you to "stop" and/or "freeze" before you were shot.

**RESPONSE TO ADMISSION NO. 39**: Admit. See Plaintiff's deposition testimony.

**REQUEST FOR ADMISSION NO. 40:** You were fleeing at the time you were shot in your arm.

**RESPONSE TO ADMISSION NO. 40**: Admitted in part and denied in part. Plaintiff admits that he was running from the scene of a car crash at the time he was shot in his arm, but denies all other allegations contained within Request for Admission No. 40.

**REQUEST FOR ADMISSION NO. 41:** You did not see who shot you.

**RESPONSE TO ADMISSION NO. 41**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer shot him. Plaintiff admits that he could not identify which Markham City Police Officer shot him.

**REQUEST FOR ADMISSION NO. 42:** You do not know who shot you.

**RESPONSE TO ADMISSION NO. 42**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer shot him. Plaintiff admits that he could not identify which Markham City Police Officer shot him.

**REQUEST FOR ADMISSION NO. 43:** You cannot identify whether the individual who shot you was a Markham Police Officer.

**RESPONSE TO ADMISSION NO. 43**: Deny.

**REQUEST FOR ADMISSION NO. 44:** You did not see Officer Carson shoot you.

**RESPONSE TO ADMISSION NO. 44**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer shot him. Plaintiff admits that he could not identify which Markham City Police Officer shot him.

**REQUEST FOR ADMISSION NO. 45:** You did not see Officer Davis shoot you.

**RESPONSE TO ADMISSION NO. 45**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer shot him. Plaintiff admits that he could not identify which Markham City Police Officer shot him.

**REQUEST FOR ADMISSION NO. 46:** You did not see Officer Carson discharge his weapon on April 24, 2014.

**RESPONSE TO ADMISSION NO. 46**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer discharged his weapon. Plaintiff admits that he could not identify which Markham City Police Officer discharged his weapon.

**REQUEST FOR ADMISSION NO. 47:** You did not see Officer Davis discharge his weapon on April 24, 2014.

**RESPONSE TO ADMISSION NO. 47**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer discharged his weapon. Plaintiff admits that he could not identify which Markham City Police Officer discharged his weapon.

**REQUEST FOR ADMISSION NO. 48:** YOU did not see any Markham Police Officer discharge his or her weapon on April 24, 2014.

**RESPONSE TO ADMISSION NO. 48**: Admitted in part and denied in part. Plaintiff admits that he did not see the moment that the firearm was discharged with the bullet that hit him; Plaintiff denies all other allegations contained in Request for Admission No. 48.

**REQUEST FOR ADMISSION NO. 49:** You cannot identify anyone who discharged his or her weapon on April 24, 2014.

**RESPONSE TO ADMISSION NO. 49**: Denied in part and admitted in part. Denied in part: Plaintiff was able to identify that a Markham City Police Officer discharged his weapon. Plaintiff admits that he could not identify which Markham City Police Officer discharged his weapon.

**REQUEST FOR ADMISSION NO. 50:** You were advised of your Miranda rights by the Markham Police

**RESPONSE TO ADMISSION NO. 50**: Deny.

**REQUEST FOR ADMISSION NO. 51:** You understood your Miranda rights.

**RESPONSE TO ADMISSION NO. 51**: Objection, vague as to when Plaintiff "understood his Miranda rights". Without waiving said objection, Admit.

**REQUEST FOR ADMISSION NO. 52:** You spoke with the Markham Police after being advised of your Miranda rights.

**RESPONSE TO ADMISSION NO. 52**: Denied in part and Admitted in Part. Plaintiff admits he spoke to the Markham Police but denies that he was advised of his Miranda rights or spoke to the Markham Police after being advised of his Miranda rights.

**REQUEST FOR ADMISSION NO. 53:** You were arrested in connection with events occurring on April 24, 2014.

**RESPONSE TO ADMISSION NO. 53**: Admit. See Plaintiff's Deposition testimony.

**REQUEST FOR ADMISSION NO. 54:** James Beecham was arrested in connection with events occurring on April 24, 2014.

**RESPONSE TO ADMISSION NO. 54**: Admit.

**REQUEST FOR ADMISSION NO. 55:** Devon Welsh was arrested in connection with events occurring on April 24, 2014.

**RESPONSE TO ADMISSION NO. 55**: Admit.

**REQUEST FOR ADMISSION NO. 56:** You are associated with the Gangster Disciples.

**RESPONSE TO ADMISSION NO. 56**: Deny.

**REQUEST FOR ADMISSION NO. 57:**

In connection with events occurring on April 24, 2014, you have been charged with various crimes for which you presently await trial, including:

a. Aggravated Kidnapping, 750 ILCS 5/10-2(a)(3)

b. Aggravated Kidnapping, 750 ILCS 5/10-2(a)(3)

c. Aggravated Vehicular Hijacking, 750 ILCS 5/18-4(a)(l)

d. Burglary, 750 ILCS 5/19-l(a)

e. Attempted Vehicular Hijacking, 750 ILCS 5/18-4(18-3(a))

f. Criminal Damage to Property, 720 ILCS 5/21-l(l)(a)

g. Criminal Damage to Property, 720 ILCS 5/21-l(l)(a)

**RESPONSE TO ADMISSION NO. 57**: Denied in part and admitted in Part. Plaintiff admits he was charged with crimes listed but denies that he is still awaiting trial.

**REQUEST FOR ADMISSION NO. 58:** The document attached as Exhibit A is a genuine copy of the Felony Complaints filed against you in connection with events occurring on April 24, 2014.

**RESPONSE TO ADMISSION NO. 58**: Plaintiff has not seen original document and therefore cannot admit. Deny.

**REQUEST FOR ADMISSION NO. 59:** The document attached as Exhibit B is a genuine copy of your Indictment in connection with events occurring on April 24, 2014.

**RESPONSE TO ADMISSION NO. 59**: Plaintiff has not seen original document and therefore cannot admit. Deny.

**REQUEST FOR ADMISSION NO. 60:** The document attached as Exhibit C is a genuine copy of the Certified Statement of Conviction/Disposition for your prior conviction for Burglary ( 10 C 33069102).

**RESPONSE TO ADMISSION NO. 60**: Admit.

**REQUEST FOR ADMISSION NO. 61:** The document attached as Exhibit D is a genuine copy of the Certified Statement of Conviction/Disposition for your prior conviction for Burglary (11 CR 1699602).

**RESPONSE TO ADMISSION NO. 61**: Admit.

Respectfully submitted,

 /s Bhavani Raveendran_____
Attorneys for Plaintiff

Bhavani Raveendran (6309968)
**ROMANUCCI & BLANDIN**
321 N. Clark St., Suite 900
Chicago IL 60654
T: 312 458 1000
F: 312 458 1004
braveendran@rblaw.net

Joseph N. DiNatale (0640336)
**DINATALE LAW OFFICES, P.C.**
North Riverside, IL 60564
T: 708 447 2900
F: 708 447 9352
jdinatale@dinatalelaw.com